[Cite as *State v. Evans*, 2019-Ohio-3347.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Respondent

    v.

JUSTIN EVANS

    Petitioner

C.A. No.     29485

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: August 21, 2019

PER CURIAM.

{¶1}    Justin Evans, has petitioned this Court for a writ of habeas corpus to order his release from custody. Because Mr. Evans has not complied with the mandatory requirements of R.C. 2969.25, this Court must dismiss the petition.

{¶2}    Upon review of the petition, it is apparent that it contains numerous defects. Mr. Evans failed to specifically name the respondent, although it is clear that his allegations are directed to the trial court judge presiding over his pending criminal case. He also failed to attach his commitment papers, as required by R.C. 2725.04(D). While this latter defect would ordinarily require dismissal, Mr. Evans failed to comply with a statutory filing mandate that requires this Court to dismiss his petition.

{¶3}    R.C. 2969.25 sets forth specific filings requirements for inmates who file a civil action against a government employee or entity. The judge presiding over his case is a government employee. Mr. Evans, incarcerated in the Summit County Jail, is an

inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶4} Mr. Evans did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Evans did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶5} Because Mr. Evans did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Evans.

{¶6} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JUSTIN EVANS, Pro se, Petitioner.